UNIVERSITY HOSPITAL — PRIVATE BANK ACCOUNT FOR PSYCHIATRIC ACTIVITY FUND — STATE TREASURER The maintaining of a private bank account for a Psychiatry Activity Fund for the use and benefit of the psychiatric patients is in direct violation of the provisions of 62 O.S. 7.2 [62-7.2] (1975), and, thus, prohibited by the laws of the State of Oklahoma. It is clear from the provisions of 62 O.S. 7.2 [62-7.2] (1975), that funds donated from the physician practice plan should be maintained in a separate special account, deposited with the State Treasury and disbursed as provided by law for its intended use and purposes. Therefore, your second question is also answered in the negative. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. Is the maintaining of a private bank account for a Psychiatry Activity Fund for the use and benefit of the psychiatric patients legal under the laws of the State of Oklahoma. "2. If the answer to Question One is in the affirmative, then would it also be legal for physician practice plan funds to be deposited in that same bank account for the use of various activities, maintenance and emergencies concerning the psychiatric unit." The statutory authority dispositive of the issues herein presented may be found under 62 O.S. 7.2 [62-7.2] (1975), which provides in its pertinent part as follows: "A. The Director of State Finance, the State Treasurer and the Director of Fiscal Services of the State Legislative Council shall constitute a Special Agency Account Board with authority to approve the establishment of agency special accounts in the official depository of the State Treasury. In the case of institutions of higher education, the Special Agency Account Board acting in conjunction with the Oklahoma State Regents for Higher Education shall establish special agency accounts as appropriate which shall be consistent with provisions of the Oklahoma Budget Law of 1947 as it relates to institutions in The Oklahoma State System of Higher Education. "C. The Board may approve agency special accounts for monies received by state agencies for the following purposes: "3. Gifts, devises and bequests with an agency as beneficiary, unless otherwise provided by statute; "8. Funds for which the state agency acts as custodian, including, but not limited to, fees from employee earnings approved by the governing board of the agency, funds of student organizations including student activity fees collected by an educational institution as a separate item in enrollment procedures, professional organizations, patients and inmates; and" Your letter relates that a private bank account is maintained for the sole purpose of maintaining patient funds and $100/month donations by the Physician Practice Plan for the purpose of patient activities, recreational activities and patient emergencies. Disbursements from the so-called "5-E Activity Fund" are made by request to the Chief of Mental Health Services and forwarded to the Chairman of the Department for approval. A check is cashed for the amount needed on Friday and any unexpended funds are returned, with receipts of expenditures, on Monday, after the weekend activities and/or shopping trip. Patient reimbursements are made by check or cash at the time the patient is dismissed. The foregoing evidences that 62 O.S. 7.2 [62-7.2] includes and controls the aforesaid funds maintained by University Hospital in a private bank account. 62 O.S. 7.2 [62-7.2] requires that funds of this nature shall be maintained in accordance with 62 O.S. 7.1 [62-7.1] (1975). The disbursement of funds maintained shall be governed by 62 O.S. 7.2 [62-7.2](F) (1975) which states: "F. Monies deposited in agency special accounts shall be disbursed on vouchers issued by the state agency concerned to accomplish the purpose for which the monies were intended." It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. That is, that the maintaining of a private bank account for a Psychiatry Activity Fund for the use and benefit of the psychiatric patients is in direct violation of the provisions of 62 O.S. 7.2 [62-7.2] (1975) and, thus, prohibited by the laws of the State of Oklahoma. In reference to your second question, it is clear from the pro visions of 62 O.S. 7.2 [62-7.2] (1975), that funds donated from the physician practice plan should be maintained in a separate special account, deposited with the State Treasury and disbursed as provided by law for its intended use and purposes. Therefore, your second question is also answered in the negative. (DAVID K. McCURDY) (ksg)